*tant District Attorney*, for appellee.

### 69032. WIGGINS v. THE STATE.
(323 SE2d 290)

SOGNIER, Judge.

Appellant was convicted of armed robbery and aggravated assault. On appeal he contends error in the fact that the formal indictment was not read to the prospective jurors during voir dire examination.

The prospective jurors in this case were informed that appellant was charged with armed robbery of, and aggravated assault upon, Thakor Patel, and of the name of the prosecutor. The required voir dire questions set forth in OCGA § 15-12-164 (a) were also asked of the prospective jurors. Appellant has cited no authority requiring that the formal indictment be read to prospective jurors prior to voir dire, and has not shown how he was prejudiced by the failure to read the indictment. The manner of conducting voir dire examination is within the discretion of the trial court, and the court's rulings are proper absent a manifest abuse of discretion. *Westbrook v. State*, 242 Ga. 151, 154 (3) (249 SE2d 524) (1978), cert. denied 439 U. S. 1102 (99 SC 881, 59 LE2d 63). We find no abuse of discretion, particularly where, as here, appellant made no objection during voir dire examination and only made a motion challenging the qualification of jurors two days later when the actual trial commenced. It follows that it was not error to deny appellant's motion for a new trial on the same ground.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 22, 1984.

*Frank B. Hester*, for appellant.

*H. Lamar Cole, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.