## S92A1331. JOHNSON v. THE STATE.
(424 SE2d 271)

FLETCHER, Justice.

Howard Johnson, Jr. was convicted of murder and possession of a firearm during the commission of a felony.[1] He was sentenced to life imprisonment for the murder and to a consecutive five-year term for the possession charge. Johnson appeals and we affirm.

1. Considering the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Johnson guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During voir dire, it was learned that one potential juror had had two family members killed during the past several years. Follow-

---

[1] The crimes occurred on February 2, 1991 and Johnson was indicted on July 2, 1991. He was tried beginning September 16, 1991, was found guilty on both counts and was sentenced on September 18, 1991. On April 20, 1992, Johnson moved for permission to file an out-of-time appeal. On May 27, 1992, such motion was granted nunc pro tunc to December 17, 1991. The case was docketed in this court on July 29, 1992 and was submitted for decision without oral argument on September 11, 1992.

ing questioning in which the juror expressed some doubt as to whether he could put those two incidents aside and be impartial, Johnson moved to have the juror excused for cause. Before ruling on the motion, the trial court allowed the state to question the juror more closely and the juror informed the court that he could put those incidents from his mind and be impartial and, at that time, the trial court denied the motion. In response to later questioning, the juror again vacillated concerning the effect that the two incidents might have upon him, however, Johnson did not renew his motion to have the juror excused for cause.

Before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. *Chancey v. State*, 256 Ga. 415, 425 (349 SE2d 717) (1986); *Westbrook v. State*, 242 Ga. 151, 154 (249 SE2d 524) (1978). In the present case, while the juror at issue did express some reservations concerning his ability to put aside his personal experiences, the trial court did not abuse its discretion by refusing to excuse the juror for cause.

3. Johnson contends that the trial court erred by partially granting the state's motion in limine and, thereby, refusing to let him introduce evidence concerning the victim's conduct toward a particular child. The victim and Johnson both lived with and were romantically involved with the same woman. At the time of the homicide, the woman with whom they were both involved was present but her child was several blocks away at the home of a baby sitter. Johnson wanted to argue that, in shooting the victim, he had acted in the defense of both the woman and her child. Johnson was allowed to introduce evidence concerning prior acts of violence by the victim only against the woman. Given the facts of this case, we find no error.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 7, 1993.

*Moore & Dodgen, Andrew C. Dodgen,* for appellant.
*Douglas C. Pullen, District Attorney, J. Mark Shelnutt, Assistant District Attorney, Michael J. Bowers, Attorney General, Rachelle L. Strausner, Staff Attorney,* for appellee.