## S93A1024. GARLAND v. THE STATE.
### (435 SE2d 431)

CLARKE, Chief Justice.

Joseph Larry Garland was convicted of kidnapping and committing numerous sex offenses against his five-year-old niece. He appealed to the Court of Appeals which issued an opinion in which the judges were divided 4-4 on the issue of whether the trial court erred in refusing to excuse a juror for cause. One judge was disqualified. On motion for reconsideration, the Court of Appeals vacated the opinion and transferred the case to this court pursuant to Art. VI, Sec. V, Par. V of the 1983 Georgia Constitution. This portion of the Constitution provides that, "[i]n the event of an equal division of the Judges [of the Court of Appeals] when sitting as a body, the case shall be immediately transmitted to the Supreme Court."

1. During voir dire, the potential jurors were asked if they or any of their friends had been the victim of a crime. Potential juror Susan Ott responded that she had a friend whose children had been sexually abused by their father. After reading the indictment, the trial court inquired whether the charges listed in the indictment changed the opinions of any of the jurors with regard to their abilities to be impartial. Ott responded that the fact that she was pregnant in addition to the circumstance previously mentioned made her doubt her ability to be impartial. When asked whether she could listen to the evidence in the case and base her decision on this evidence, the juror repeatedly stated that she would "try." When asked by defense counsel whether she would be able to reach a verdict based solely on the evidence, Ott

responded, "I would have difficulty. I just can't predict what I would do. I don't know." Defense counsel moved that the juror be stricken for cause.

The trial court then engaged in a lengthy colloquy with Ott to determine her ability to be impartial in arriving at a verdict. Ott repeatedly stated that she would "try" to put her feelings aside, and concluded by saying, "I would have to do it based on the evidence."

This court has held that

> [b]efore a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. *Johnson v. State*, 262 Ga. 652, 653 (424 SE2d 271) (1993); *Chancey v. State*, 256 Ga. 415, 425 (349 SE2d 717) (1986); *Westbrook v. State*, 242 Ga. 151, 154 (249 SE2d 524) (1978).

Further, the decision to strike a juror for cause lies within the sound discretion of the trial court. *Wilcox v. State*, 250 Ga. 745 (301 SE2d 251) (1983). Based on the record before us, we do not find that the trial court abused its discretion in refusing to strike Ott. Ott's testimony does not show that her opinions or biases were so fixed that she could not set them aside and decide the case based on the evidence.

Four members of the Court of Appeals stated that the case should be reversed, concluding that "the [trial] judge left the record void of evidence to support his ruling that the juror should not be excused for cause." Slip op. at 5. In reaching this conclusion the Court of Appeals relied on the statement in *Lively v. State*, 262 Ga. 510, 511 (421 SE2d 528) (1992), that

> [w]hen ruling on a potential juror's qualifications, the trial court must make a factual determination based on all the circumstances known to the court, including, but not limited to, the juror's own opinion of his impartiality.

In *Lively* we held that it was error for the trial court to refuse to strike for cause a potential juror who was the victim's employer, and who had served as a pall bearer at her funeral. Further, the potential juror and the victim had discussed the victim's relationship with the defendant. The trial court, apparently, based its decision solely on the potential juror's own statement that he could be impartial.

Our conclusion in *Lively* that a factual determination was necessary does not require a reversal in every case in which the trial court fails to make factual findings following a motion to strike a juror for

cause. Rather, we reached the decision in *Lively* because the facts there were so compellingly in favor of disqualifying the potential juror that the trial court's failure to disqualify this juror could not be upheld absent a supporting factual determination. We do not hold that the trial court must make a factual determination part of the record in every case in which a motion to strike a juror for cause is made. Rather, the application of *Lively* comes into play where the record shows on its face circumstances indicating that a potential juror has a compelling interest or bias in the case. In this situation, the record must show more than the potential juror's own statement that he can render a decision based on the evidence in order to support a trial court's denial of a motion to strike this juror for cause. See *Walker v. State*, 262 Ga. 694, 696 (424 SE2d 782) (1993).

The record in this case does not show that Ott had a compelling bias or interest in the outcome of the case which would disqualify her as a matter of law under OCGA § 15-12-163. Rather, the record shows that she was troubled by the emotional aspects of deciding a case involving sexual offenses against a child because of her own pregnancy, and because she had recently learned that the children of a friend had been sexually molested by a relative. Following a long discussion with the trial court, she stated that she would try to put her emotions aside and decide the case based on the evidence. We cannot say that the trial court abused its discretion in failing to remove her for cause.

2. The defendant in this case raised several other issues which were not addressed by the Court of Appeals. Because the record does not show that the Court of Appeals is equally divided on all issues which would require either affirmance or reversal of the judgment, the case is hereby returned to it for determination of these issues. *Atlantic C. L. R. Co. v. Clinard*, 211 Ga. 340, 342-343 (86 SE2d 1) (1955).

*Returned to Court of Appeals. Hunt, P. J., Benham, Fletcher, Sears-Collins, JJ., and Judge Isaac Jenrette concur; Hunstein, J., concurs in the judgment only. Carley, J., disqualified.*

DECIDED OCTOBER 4, 1993 —
RECONSIDERATION DENIED NOVEMBER 4, 1993.

*Anna Blitz*, for appellant.
*Lewis R. Slaton, District Attorney, Vivian D. Hoard, Doris L. Williams-McNeely, Assistant District Attorneys*, for appellee.