A93A1923. EVANS v. THE STATE.
(437 SE2d 495)

JOHNSON, Judge.

Elwin Allen Evans III, appeals from his convictions of two counts of aggravated sodomy, two counts of aggravated child molestation and one count of child molestation.[1] Evans contends that the trial court erred in refusing to strike a juror for cause.[2] During voir dire, the prospective juror stated that 21 years ago she was raped. The juror initially expressed some doubt as to whether she could put that incident aside and be impartial, but concluded that she could listen to the evidence and follow the court's instructions. Upon further questioning, the juror said that approximately eight to ten years ago her grandmother also was raped and her aunt was the victim of an attempted rape. After again expressing some doubt about her ability to be impartial, the juror indicated that she would base her determination of Evans' guilt or innocence on the evidence in this case. Immediately thereafter, the juror said she would do her best to be objective, but could not guarantee that her personal feelings would not interfere. She then indicated that she would not find Evans guilty based on her own experiences, but would base her decision of guilt or innocence solely on the facts in this case. The trial court denied Evans' motion to strike the juror for cause. Finding the juror to be impartial, the court stated, "[t]his juror has convinced me that she could listen to the evidence and make a determination upon the guilt or innocence on the evidence."

Although it appears, from a review of the voir dire transcript, that the better practice would have been to strike the juror for cause,

---

[1] The trial court ruled that the two counts of aggravated child molestation merged into the two counts of aggravated sodomy. The court imposed concurrent sentences of twelve years confinement on the aggravated sodomy counts and five years confinement on the child molestation charge.

[2] Evans used a peremptory strike to remove the juror from the panel.

we are constrained to uphold the trial court's ruling. The Supreme Court has held that "before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. Further, the decision to strike a juror for cause lies within the sound discretion of the trial court." (Citations and punctuation omitted.) *Garland v. State*, 263 Ga. 495, 496 (1) (435 SE2d, 431) (1993); *Johnson v. State*, 262 Ga. 652, 653 (2) (424 SE2d 271) (1993). In the present case, while the juror did express some reservations concerning her ability to put aside her personal experiences, she also indicated that she would decide the case based solely on the evidence and the court's charge. The trial court therefore did not abuse its discretion in finding the juror to be impartial and in refusing to strike her for cause. *Nobles v. State*, 201 Ga. App. 483, 487-488 (7) (411 SE2d 294) (1991); *Scott v. State*, 193 Ga. App. 577, 578-579 (2) (388 SE2d 416) (1989); but see *Walker v. State*, 262 Ga. 694 (424 SE2d 782) (1993).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 8, 1993.

*Abbi S. Taylor*, for appellant.

*J. Tom Morgan, District Attorney, Anne G. Maseth, Robert M. Coker, Gregory J. Giornelli, Assistant District Attorneys*, for appellee.