## A01A0297. PARKER v. THE STATE.
### (544 SE2d 542)

MIKELL, Judge.

A jury convicted Karen Parker of theft by taking, and she appeals. Parker contends that the court erred by denying her motion for a directed verdict of acquittal. We disagree and affirm the conviction.

Viewed in the light most favorable to the verdict, the evidence shows that on the afternoon of October 18, 1996, between 12:00 and 2:00 p.m., $1,200 disappeared from the customer service cash register of a Kroger grocery store in Lawrenceville. According to Kroger's records, Christine Greene was the employee responsible for the register on that day. Greene testified that she stocked the register with $2,200 at approximately 12:00 p.m. and that she placed the currency beneath a tray in the cash drawer of the register according to company policy. Greene left the customer service desk periodically, and she took a 30-minute break at approximately 1:00 p.m. Shortly after her return, Greene discovered that $1,200 was missing from the register, and she reported the discrepancy to her supervisor.

The defendant, Parker, normally worked in the floral department of the store; however, she was trained to operate a cash register and covered the customer service counter on occasion when other employees were taking a break. The "detail tape," which is a transaction history recorded by the cash register, indicated that Parker's identification code was used to open the customer service register seven times between 12:17 and 1:00 p.m. on the date in question. Each of Parker's entries was classified on the detail tape as "No Sale Open Cash Drawer," which means that the cash drawer was opened, but no transaction occurred. Robert Burchfield, the store manager, testified that each employee has a personal identification code for access to cash registers and that the codes are confidential. Burchfield further testified that it was unusual to have so many "no sale" cash drawer openings in such a short period of time.

After reviewing the detail tape, Burchfield spoke with Parker about the missing cash. Burchfield testified that he "did not feel good about [Parker's] answers," so he decided to review the store's surveillance video. According to Burchfield, the video confirmed that Parker opened the register a number of times and that she was often alone at the customer service counter. Burchfield testified that the video revealed two occasions when Parker looked right and left, lifted the

tray inside the cash drawer, and reached beneath it where the larger bills were located. At trial, the videotape was played for the jury.

Burchfield further testified that the tape depicted Parker in line at the NationsBank branch in the Kroger store at 1:19 p.m., moments after she left the customer service register. Bank records established that Parker deposited $1,000 into an account she shared with her husband and $100 into an account held by her son.

During an internal investigation of the incident by Kroger, Parker stated that her husband made the deposit, and she merely met him in line at the bank. When confronted with the video footage depicting her alone in line, however, Parker changed her story and claimed that her husband brought cash from an insurance settlement to her in the Kroger parking lot and that she deposited it. During cross-examination by the prosecution, Parker's husband admitted that on the day he allegedly brought the cash to his wife, he made a separate deposit into the same joint account in which Parker deposited the $1,000.

In her only enumerated error, Parker contends that the court erred in denying her motion for a directed verdict. This argument is patently without merit.

On appeal, we view the evidence in the light most favorable to support the verdict, and Parker no longer enjoys a presumption of innocence. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). Furthermore, an appellate court does not weigh the evidence or determine witness credibility but only determines the sufficiency of the evidence. The standard for reviewing the denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. *Mills v. State*, 244 Ga. App. 28, 29-30 (2) (535 SE2d 1) (2000). See also *Espinoza v. State*, 244 Ga. App. 96, 99 (5) (534 SE2d 824) (2000).

OCGA § 16-8-2 provides that a person is guilty of theft by taking when he or she "unlawfully takes or, being in lawful possession thereof, unlawfully appropriates [the] property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

We conclude that the evidence summarized above was sufficient for the jury to find Parker guilty of theft by taking beyond a reasonable doubt. Therefore, the court did not err in denying her motion for a directed verdict of acquittal.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 29, 2001.

*W. Keith Davidson*, for appellant.

*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.