## A00A2410. ROCHA v. THE STATE.
(545 SE2d 173)

BLACKBURN, Chief Judge.

After a jury trial, Eduardo Rocha a/k/a Edwardo Morado was found guilty of three counts of child molestation, one count of cruelty to children, and one count of aggravated child molestation. Subsequent to the denial of his motion for new trial, Rocha filed this appeal. Rocha contends that the trial court erred by failing to strike certain jurors for cause and by refusing to allow his counsel to conduct a thorough and sifting cross-examination of certain prosecution witnesses. We find no error and affirm.

1. Rocha contends that the trial court erred by failing to strike three prospective jurors for cause because their responses indicated that they could not be fair and impartial jurors. In arguing this issue, Rocha urges this Court to impose a clear rule that "any prospective juror in a sex crime trial who describes a prior sexual abuse life experience to themselves or a direct family member should be struck for cause." We decline to do so.

> Before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence.

*Johnson v. State.*[1] The decision to strike a juror for cause lies within the sound discretion of the trial court, and that decision will not be disturbed absent an abuse of discretion. *Wilcox v. State.*[2]

Although Rocha now argues that three prospective jurors should have been excused for cause, the transcript reveals that he sought the excusal of only two jurors and one for an altogether different reason than is now being urged. See *Parrish v. State.*[3]

---

[1] *Johnson v. State*, 262 Ga. 652, 653 (2) (424 SE2d 271) (1993).
[2] *Wilcox v. State*, 250 Ga. 745, 757 (5) (301 SE2d 251) (1983).
[3] *Parrish v. State*, 237 Ga. App. 274, 280-281 (4) (514 SE2d 458) (1999).

(a) *Prospective Juror S. R.* During individual voir dire, S. R. testified that, although she had been molested as a child, she "could listen to the evidence with impartiality, but [could not] deny that there would be an emotional factor for [her]." She also, however, stated affirmatively that she could listen to the evidence and base her decision solely on that evidence. While being cross-examined, S. R. volunteered, "[i]f I listened to the evidence and had a reasonable doubt I would have no problem returning a verdict of not guilty." After the defense moved to excuse her for cause, the trial court then questioned her.

> THE COURT: The evidence is going to be completely different I expect than what happened in your case. THE JUROR: Yes. THE COURT: Can you assure me that if the evidence that you hear in this courtroom and the law that you hear in this courtroom justifies in your mind a verdict of guilty that you would be able to find the defendant guilty? THE JUROR: Yes, I do. THE COURT: And if the evidence that you hear in this courtroom and the law that I give you applies to this case justifies a verdict of not guilty you would be able to find the defendant not guilty? THE JUROR: Yes, sir. THE COURT: Is there anything about your prior experience that would interfere with you being able to make that determination based only on what you hear here in the courtroom? THE JUROR: No, sir.

After participating in this colloquy, the trial court denied the motion to excuse the prospective juror for cause. Since S. R.'s testimony did not show that she had a compelling interest in the outcome or was so biased that she could not render an impartial verdict based on the evidence, we cannot say that the trial court abused its discretion in refusing to remove her for cause. *Evans v. State.*[4]

(b) *Prospective Juror K. P.* Pretermitting consideration of the State's claim that Rocha never sought to have this juror excused, we find no error in her being allowed to hear this case. See *Ashford v. State.*[5] K. P. testified that she could be fair and could acquit the defendant if the evidence did not prove his guilt beyond a reasonable doubt. Nothing in her testimony indicates that her opinions or biases were so fixed that she could not set them aside and decide the case based on the evidence presented. See *Garland v. State.*[6]

(c) *Prospective Juror E. D.* Although Rocha did seek to have E. D.

---

[4] *Evans v. State*, 210 Ga. App. 804, 805 (437 SE2d 495) (1993).

[5] *Ashford v. State*, 271 Ga. 148, 149 (2) (518 SE2d 420) (1999).

[6] *Garland v. State*, 263 Ga. 495, 497 (1) (435 SE2d 431) (1993).

excused from jury service, he did so because E. D. had complimented a State witness about her Christmas tree sweater. After confirming that no conversation had occurred and having obtained E. D.'s assurances that the casual encounter would not affect her ability to reach a fair and impartial verdict, the trial court refused to excuse her for cause. In any event, the transcript reveals that the State opted to exercise a peremptory challenge to strike E. D. from the case.

2. Rocha asserts that the trial court improperly denied his right to cross-examine several prosecution witnesses thoroughly about the possibility of someone else as the perpetrator. Rocha claims that he was denied the opportunity to question these witnesses about whether the female victim had made prior false sexual allegations against a man named Phillip. Yet, the record unquestionably demonstrates that defense counsel expressly repudiated any such assertion. Prior to trial, defense counsel advised the trial court that he wanted to explore the possibility of misidentification on the part of the girl. Counsel stated: "I do believe that at one point someone said the child had reported a Phillip. I believe there's a couple of points when the child says it was a [P. W.] or something like that that had done this." After speculating about the State's forthcoming case, defense counsel then said: "First of all, there is the issue of whether or not that I can suggest that that was a false allegation and that's not what I would be talking about. I think I could raise it as an issue of identification." The trial court responded, "[i]f she's misidentified somebody or named somebody else who did this event to her, I think that's a fair matter of thorough and sifting cross-examination." But defense counsel then clarified his argument, saying, "[b]ut she has not identified anyone else as having done this. She indicates a P. W. had actually touched her at some other — in Cartersville had touched her private parts a couple of months ago. A totally separate incident from this incident." After noting that "clearly this is a separate issue that comes under her sexual history and is protected," the trial court refused to allow Rocha to broach the topic.

Later, during the trial, defense counsel unsuccessfully sought permission to cross-examine Officer McCormick, who had interviewed the victim, about a supplemental report that purportedly mentioned a P. W. After again finding that such questioning would improperly delve into the victim's sexual history, the trial court prohibited questioning of the victim or the police investigator about a purported incident in another county.

The rape shield statute, OCGA § 24-2-3 (b), excludes " 'evidence relating to the past sexual behavior of the complaining witness.' "

*Lemacks v. State.*[7] Absent a showing of relevancy, evidence of a child's past sexual history, including sexual activity involving a person other than the defendant being tried, is inadmissible. *Marion v. State.*[8] Even evidence about another incident of molestation is generally not admissible in a child molestation case. Id.

Nevertheless, an exception to this exclusion may be authorized when the State introduces medical evidence which indicates that the child has been sexually abused or when the State presents evidence that the child exhibits symptoms of the abuse accommodation syndrome. *Chambers v. State.*[9] The purpose of this exception is to permit evidence that the victim's medical and behavioral symptoms were caused by someone else other than the defendant. Id. But here, the State did not offer any medical evidence to prove the girl had been molested or any testimony to show that she had displayed symptoms consistent with the child abuse accommodation syndrome. Compare *Marion,* supra. Therefore, the exception did not apply and inquiry into the victim's sexual history was precluded by OCGA § 24-2-3 (b). *McGarity v. State.*[10]

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 14, 2001.

*Justin J. Wyatt,* for appellant.

*Patrick H. Head, District Attorney, Timothy B. Lumpkin, Maria B. Golick, Assistant District Attorneys,* for appellee.

---

[7] *Lemacks v. State,* 207 Ga. App. 160, 161 (427 SE2d 536) (1993).
[8] *Marion v. State,* 206 Ga. App. 159 (1) (424 SE2d 838) (1992).
[9] *Chambers v. State,* 213 Ga. App. 284, 286 (1) (b) (444 SE2d 833) (1994).
[10] *McGarity v. State,* 224 Ga. App. 302, 304 (1) (480 SE2d 319) (1997).