## A02A1482. THOMAS v. THE STATE.
(569 SE2d 620)

BLACKBURN, Chief Judge.

Willie James Thomas appeals his conviction by a jury of armed robbery. He argues that the trial court erred in allowing (1) a police officer to testify that he had checked Thomas's criminal history and (2) the State to ask Thomas whether other witnesses were lying, and he also contends (3) that the evidence was insufficient to support his conviction. Finding no error, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Thomas] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Ryals v. State.*[1]

Viewed in the light most favorable to the jury's verdict, the record shows that on November 12, 1998, David Waithe went to an ACE check cashing store in Forest Park. He cashed his check and purchased two money orders, one for $428.59 and the other for $50. As he walked to his car, he was approached by Thomas, who engaged him in conversation and persistently asked him for any change he might have. Just before Waithe reached his car, another man came up behind him, pushed him into the car, and shoved a gun into his back. The man took cash and the money orders from Waithe's pocket and ran away. Immediately after the robbery, Thomas was nowhere in sight.

Waithe drove to his wife's place of employment, picked her up, and returned to the check cashing store. Waithe told the clerk,

---

[1] *Ryals v. State,* 238 Ga. App. 578 (519 SE2d 505) (1999).

Katrina Gibson, that the money orders he had purchased from her had been stolen and asked if she could stop payment on them. While Gibson was acting to stop payment on the money orders, she received a telephone call from Janella Harris, a clerk at an ACE check cashing store in Atlanta. Harris informed Gibson that a man had just entered her store and was trying to cash a money order, and that she was suspicious because the money order had been purchased only hours earlier at Gibson's store. Gibson verified that the money order was one of those stolen from Waithe and asked Harris to stall Thomas until the police arrived. She then called both the Atlanta police and the Forest Park police. Harris asked Thomas for identification, and Thomas produced a Georgia driver's license. Harris also asked Thomas to fill out a customer card; Thomas wrote down his name, phone number, and Social Security number and then signed the card. Harris secretly activated the magnetic lock on the store's door.

After about 15 minutes, Thomas discovered that Harris had locked the door. He cursed Harris and demanded that she unlock the door. When she ignored him, he kicked the door open and left, driving away in a car driven by another male. Thomas left his driver's license, the stolen money order, and the customer card on the counter. Using the information Thomas left at the store, the police located and arrested Thomas.

Thomas was charged with armed robbery, tried, and convicted, and this appeal followed. At trial Thomas testified that he and a friend had won the money order in a card game with the victim. Waithe identified Thomas as the individual who confronted him for change and drew his attention while the other individual attacked and robbed him. This dispute in the evidence presented an issue of credibility which the jury resolved adversely to Thomas's interest.

1. We first address Thomas's contention that the evidence was insufficient to support the verdict. We note that recent unexplained possession of stolen property will support a conviction for armed robbery. The identification of Thomas by Waithe and the store clerk, as well as the documents Thomas left in the store as he escaped, clearly supports a finding that he was in recent possession of the property stolen at gunpoint. The conviction establishes that the jury rejected Thomas's explanation of his possession of the subject property. This Court has previously held:

> Once it is shown that goods were stolen in a robbery, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for robbery based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation. What constitutes recent pos-

session is in all cases a jury question, to be determined very largely from the character and nature of the stolen property.

(Punctuation omitted.) *Smith v. State.*[2]

OCGA § 16-2-20 (a) provides that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." A person is concerned in the commission of a crime if he "[i]ntentionally aids or abets in the commission of the crime." OCGA § 16-2-20 (b) (3). Here, the evidence was sufficient to support the conviction of Thomas for armed robbery.

2. In his second enumeration of error, Thomas maintains that the trial court erred by allowing a police officer to testify that he had learned Thomas's Social Security number by checking his criminal history, thereby putting Thomas's character in issue. In his third enumeration of error, Thomas argues that the trial court erred when it allowed the State to ask him if he thought other witnesses were lying. We will address these contentions jointly.

First, our examination of the record reveals that Thomas failed to object at trial to either the testimony of the police officer or the questions posed to him by the State as to the veracity of other witnesses. "A ground not raised by objection at trial cannot be raised for the first time on appeal." (Punctuation omitted.) *McGarity v. State.*[3] As Thomas did not raise this objection before the trial court, he has waived his right to have this Court consider it on appeal, unless the conduct constitutes plain error.

Thomas argues that even though he did not raise objections at trial, these enumerations should nevertheless be considered under the "plain error" doctrine. "Under the 'plain error' doctrine, we will consider issues not properly raised and ruled upon in the trial court when the alleged error 'is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding.' " *Morrison v. State.*[4]

In evaluating Thomas's argument, we are guided by the decisions of our Supreme Court. In *Lewis v. State*,[5] our Supreme Court held that the detective's testimony that the police had identified appellant's fingerprint by comparing it to a print already in the police file did not inject the appellant's character into evidence. In *Whatley v. State*,[6] our Supreme Court held that the State's questions about

[2] *Smith v. State*, 234 Ga. App. 586, 593 (7) (a) (506 SE2d 406) (1998).
[3] *McGarity v. State*, 190 Ga. App. 139 (1) (378 SE2d 179) (1989).
[4] *Morrison v. State*, 248 Ga. App. 785, 787 (1) (546 SE2d 312) (2001).
[5] *Lewis v. State*, 255 Ga. 681, 682 (2) (341 SE2d 434) (1986).
[6] *Whatley v. State*, 270 Ga. 296, 301 (13) (509 SE2d 45) (1998).

whether other witnesses were lying were properly allowed. These cases address the issues raised by Thomas and do not authorize the application of the "plain error" doctrine in this case. Thomas's arguments are without merit, and we affirm.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 25, 2002.

*Ronald E. Smith*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.