A05A1806. PARHAM v. THE STATE.
(621 SE2d 532)

BLACKBURN, Presiding Judge.

Following a jury trial, Lena Parham appeals her conviction of felony theft by taking, contending (1) the evidence was insufficient to support her conviction; (2) all jurors should have been disqualified for having an interest in the outcome of the case, or venue should have been changed; and (3) certain evidence was improperly admitted. Discerning no error, we affirm.

1. Parham first challenges the sufficiency of the evidence.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the

___

appellant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Punctuation omitted.) *Camero v. State*.[2]

So viewed, the record shows that Parham worked as a clerk in the tax commissioner's office collecting ad valorem taxes and tag money on automobiles, mobile homes, and property. During the course of her employment, she utilized a process known as "backing out" to steal approximately $82,000.

"Backing out" is the process of correcting information on the computer system. Tax clerks use the process legitimately to correct over-billings or improper penalties, among other things. Parham, however, used the procedure to lower the amount due from a taxpayer after the taxes were paid in full, so that her cash drawer contained extra money. She then stole the extra money.

Only the tax commissioner and two other clerks in the office had authority to back out taxes. Parham was not one of them. She therefore used the computer of one of the authorized clerks to back out taxes when that clerk was not at her desk. She convinced the other authorized clerk to back out amounts on Parham's behalf, and split the resulting overage money with that clerk at the end of the workday.

The uninvolved clerk whose computer was being used eventually noticed the unauthorized activity. She reported her suspicions to the tax commissioner and an investigation ensued, revealing a total theft of approximately $82,000.

During the investigation, the clerk assisting Parham confessed and implicated Parham. Parham herself confessed after being confronted with this clerk's confession. She was ultimately charged with and convicted on one count of theft by taking an amount exceeding $500 between January 2001 and November 2003.

"A person commits the offense of theft by taking when [she] unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property." OCGA § 16-8-2. Felony theft by taking occurs

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Camero v. State*, 257 Ga. App. 109, 111 (1) (570 SE2d 405) (2002).

when "the property which was the subject of the theft exceed[s] $500.00 in value." OCGA § 16-8-12 (a) (1).

Parham argues on appeal that the record cannot support her conviction of felony theft by taking because it contains no evidence that she stole over $500 in any one "backing out" incident. This argument fails.

The State accused Parham of stealing, in the aggregate, over $500 between January 2001 and November 2003. In a count in an accusation, the State may aggregate the amount of money an employee steals from an employer over time; the State is not required to charge a defendant with each separate incidence of theft in separate counts. See *Urness v. State*;[3] *Parker v. State*;[4] *Crumley v. State*.[5] Cf. *Reynolds v. State*[6] (daily thefts of water throughout a month could be aggregated into monthly increments). We will not require proof on uncharged counts. Cf. *Pippin v. State*[7] ("[t]he allegation as to the aggregate value of the several items alleged to have been stolen was sufficient without placing a value on each individually"). The record amply supports the conviction as charged.

2. Parham next assigns error to the judge's refusal to excuse all jurors for cause, or to transfer the trial to another county. She contends that, since all taxpayers in the county of the crime could be considered victims, they all had an interest in the case and were disqualified from sitting on the jury.

"In determining whether a juror can impartially decide a case in accordance with the evidence presented during the trial, the trial court is given the utmost discretion and will not be reversed absent a manifest abuse of that discretion." (Punctuation omitted.) *Mulvey v. State*.[8]

Parham cites to no authority holding that a taxpayer and citizen of a county which is the victim of a crime of theft is automatically disqualified to sit on a jury in a trial for that crime. To the contrary, *Hickox v. State*[9] held that, in a situation where a person was accused of stealing county and city property, "[a]ssuming that the prospective juror was otherwise competent to serve, he was not rendered incompetent by his status as inhabitant, citizen, resident, homeowner and/or taxpayer of either the county or the city." (Citation omitted.) Id. at 882 (1). We see no reason to hold otherwise here. The cases

---

[3] *Urness v. State*, 251 Ga. App. 401, 403 (2) (554 SE2d 546) (2001).

[4] *Parker v. State*, 247 Ga. App. 722 (544 SE2d 542) (2001).

[5] *Crumley v. State*, 185 Ga. App. 795, 797 (1) (366 SE2d 171) (1988).

[6] *Reynolds v. State*, 101 Ga. App. 715 (1) (115 SE2d 214) (1960).

[7] *Pippin v. State*, 128 Ga. App. 355, 356 (1) (196 SE2d 664) (1973).

[8] *Mulvey v. State*, 250 Ga. App. 345, 348 (3) (551 SE2d 761) (2001).

[9] *Hickox v. State*, 138 Ga. App. 882 (227 SE2d 829) (1976).

relied upon by Parham, e.g., *Lowman v. State*,[10] are inapposite, in that they deal with corporations as victims of crime. The trial court did not abuse its discretion in denying Parham's motion to disqualify all the jurors of the county. *Mulvey*, supra.

3. In her final enumeration of error, Parham challenges the admission of certain evidence at trial, specifically, testimony by the clerk whose computer Parham used that her computer screen showed incidences of backing out. Parham contends that testimony on this issue violated the best evidence rule.

> The best evidence rule, or the "original document rule," provides that in order to prove the terms of a writing, *where the terms are material*, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent. When the existence of a fact, and not the contents of a writing, is the question at issue, both oral and written evidence of the fact may be admitted as primary evidence.

(Punctuation and footnote omitted.) *Bellamy v. State*.[11]

The best evidence rule applies to writings only. *Perkins v. State*.[12] We are unconvinced that a computer screen constitutes a "writing" as that term is intended by the rule. Id. However, assuming arguendo that it does, we hold that the best evidence rule would not have prohibited the clerk's oral testimony. "The issue here is the existence of a fact — whether [Parham used the clerk's computer to back out taxes] — and not the contents or terms of the writing." *Bellamy*, supra. Thus, the trial court properly admitted the evidence and the jury was entitled to consider it along with the other evidence in the case. See *Worth v. State*.[13]

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED SEPTEMBER 16, 2005.

*Drew W. Powell, Joseph F. Dykstra*, for appellant.
*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney*, for appellee.

---

[10] *Lowman v. State*, 197 Ga. App. 556 (398 SE2d 832) (1990).
[11] *Bellamy v. State*, 243 Ga. App. 575, 580 (3) (530 SE2d 243) (2000).
[12] *Perkins v. State*, 260 Ga. 292, 295 (7) (392 SE2d 872) (1990).
[13] *Worth v. State*, 183 Ga. App. 68, 73 (6) (358 SE2d 251) (1987).