### A06A0580. CHAPARRO v. THE STATE.
(630 SE2d 645)

MILLER, Judge.

Confesor Chaparro was convicted of four counts of aggravated child molestation. He appeals, challenging the sufficiency of the evidence and claiming that the trial court erred by refusing to strike a juror for cause; denying his motion to sever offenses; and admitting certain evidence. Discerning no error, we affirm.

On appeal, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence. An appellate court determines evidence sufficiency rather than weighing the evidence or determining witness credibility. The standard is whether, based on the evidence presented, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thomas v. State*, 256 Ga. App. 712 (569 SE2d 620) (2002). "The review of the sufficiency of the evidence to support venue is no different because venue is an essential element that must be proven beyond a reasonable doubt in every criminal trial." (Footnote omitted.) *Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003).

So viewed, the evidence shows that in the summer of 2000, Chaparro's eight-year-old nephew, J. C., and J. C.'s stepsister were

---

spending the night with Chaparro at his Gwinnett County apartment. Chaparro slept in the bed with J. C., explaining to the children that brothers and sisters should not sleep together. During the night, J. C. woke up to go to the bathroom and realized that Chaparro had put his penis inside his anus while he slept.

Other evidence showed that in November 2001, Chaparro met his second victim, 14-year-old O. V., through his other nephew, R. W. O. V. frequently spent the night with Chaparro, either at his apartment, J. C.'s house, or a local hotel. During these visits, Chaparro required O. V. to sleep with him, on multiple occasions performing fellatio on O. V. On other occasions, Chaparro required O. V. to perform fellatio on him and engaged in anal intercourse with him.

1. Chaparro contends that the evidence is insufficient to support his aggravated child molestation convictions and that the State failed to establish venue in Gwinnett County. We disagree.

"A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which . . . involves an act of sodomy." OCGA § 16-6-4 (c). "A person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2 (a). In this case, Counts 1-3 of the indictment charged Chaparro with aggravated child molestation for placing his penis in O. V.'s anus, in O. V.'s mouth, and by placing his mouth on O. V.'s penis. Count 4 of the indictment charged Chaparro with aggravated child molestation for placing his penis in J. C.'s anus.

Chaparro argues that the "[e]vidence pointing to [his] guilt was equivocal and contradictory at best." In this regard, Chaparro would have us weigh the evidence. This we cannot do. *Thomas*, supra, 256 Ga. App. at 712. Chaparro otherwise argues the insufficiency of the evidence due to the State's failure to prove venue as to each of the charged offenses by more than hearsay. See *Day v. State*, 235 Ga. App. 771, 772-773 (2) (510 SE2d 579) (1998) (hearsay inadmissible and of no probative value). We disagree, the testimony of O. V., J. C., and the investigating officer at trial showing the commission of the offenses in Gwinnett County.

Since a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt, Chaparro's challenge to the sufficiency of the evidence is without merit. *Maddox v. State*, 275 Ga. App. 869, 870 (1) (622 SE2d 80) (2005).

2. Chaparro contends that the trial court erred by failing to excuse for cause Juror No. 16. This contention is without merit.

> Before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside

and decide the case based upon the evidence or the court's charge upon the evidence. *Johnson v. State*, 262 Ga. 652, 653 (2) (424 SE2d 271) (1993).

(Footnote omitted.) *Rocha v. State*, 248 Ga. App. 53 (1) (545 SE2d 173) (2001). A trial court's determination that a juror can impartially decide a case upon the evidence presented at trial "is given the utmost discretion and will not be reversed absent a manifest abuse of that discretion." (Citation, punctuation and footnote omitted.) *Parham v. State*, 275 Ga. App. 528, 530 (2) (621 SE2d 532) (2005). We hold that the refusal to excuse Juror No. 16 did not constitute a manifest abuse of discretion.

The record shows that upon general questioning, Juror No. 16 repeatedly indicated that he viewed himself as able to be fair and impartial. When questioned individually, Juror No. 16 expressed agreement with the analogy, "Where there is smoke; there is fire[,]" but only "[t]o a certain degree" and subject to the proviso that, in any event, "you have to come in with an open mind." Moreover, Juror No. 16 repeatedly stated that he could set aside any preconceived notions that he might have and decide the case based on the evidence presented in court and the law as charged. "[I]n order to strike a juror for bias, there must be evidence that the juror is so inured in his position that he will be unable to set his bias aside." *Wardlaw v. State*, 257 Ga. App. 611, 613 (571 SE2d 578) (2002). Under these circumstances, the trial court did not abuse its discretion in denying Chaparro's motion to disqualify Juror No. 16. *Parham*, supra, 275 Ga. App. at 530 (2); *Rocha*, supra, 248 Ga. App. at 53 (1).

3. Chaparro complains that the trial court erred in denying his motion to sever the charges related to the acts he committed against O. V. (Counts 1-3) from those against J. C. (Count 4). See *Dingler v. State*, 233 Ga. 462, 464 (211 SE2d 752) (1975) (a defendant has absolute right to severance of offenses joined as similar or the same).

At a pre-trial hearing, the trial court acknowledged "that Count 4 [as to J. C.] would be admissible as a similar transaction in a case involving Counts 1 through 3 [as to O. V.] and vice versa." Thereafter, the trial court denied Chaparro's motion to sever.

Where in the sound discretion of the trial court, the number of offenses charged and the complexity of the evidence do not reasonably impinge upon a fair determination of the defendant's guilt or innocence as to each offense charged, a severance need not be granted. *Green v. State*, 279 Ga. 455, 456-457 (2) (614 SE2d 751) (2005), citing *Stewart v. State*, 277 Ga. 138, 139 (587 SE2d 602) (2003). Under the circumstances of this case, the trial court did not abuse its discretion in denying the requested severance.

4. Finally, Chaparro contends that the trial court erred in admitting evidence showing that he purchased cigarettes and alcohol for O. V. and R. W. The State, however, is entitled to present relevant evidence of the entire res gestae of a crime even if the evidence relates to a crime for which the defendant has not been charged. *Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625) (1987). That Chaparro provided cigarettes and alcohol to O. V. was admissible as an uncharged part of the res gestae in this case, since his actions in doing so were relevant to show the manner in which Chaparro "groomed" the child for victimization. See *Leaptrot v. State*, 272 Ga. App. 587, 589 (1) (612 SE2d 887) (2005) (showering with gifts and drugs showed the intent to induce the child into engaging in sexual intercourse).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 28, 2006 — 

*Glynn R. Stepp*, for appellant.

*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.