# Court of Appeals
# of the State of Georgia

ATLANTA,  December 19, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0224.  CONFESOR CHAPARRO v. THE STATE.**

Confesor Chaparro was convicted of four counts of aggravated child molestation. We affirmed his convictions on appeal. *Chaparro v. State*, 279 Ga. App. 145 (630 SE2d 645) (2006). Since that time, Chaparro has filed a number of post-conviction motions — resulting in applications or direct appeals to this Court, all of which were either denied or dismissed.[1] In his most recent motion,[2] Chaparro appears to contest the sufficiency of his underlying indictment. The trial court denied this motion and Chaparro then filed the instant application. We, however, lack jurisdiction.

Chaparro's motion essentially challenges his underlying convictions. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (challenge to the validity of indictment is challenge to conviction). However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing

---

[1] See Case Nos. A17A2057 (dismissed July 21, 2017); A14D0056 (denied Oct. 18, 2013); A11A1862 (dismissed June 20, 2011); A08D0343 (dismissed May 2, 2008); A08D0111 (dismissed Nov. 19, 2007).

[2] In violation of Court of Appeals Rule 31 (e), Chapparo has failed to include "a copy of any petition or motion that led directly to the order or judgment being appealed and a copy of any responses to the petition or motion."

such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).

To the extent Chaparro's claims concerning the sufficiency of his indictment could be construed as a motion in arrest of judgment, the motion is untimely because it was not filed during the term of court at which the judgment was obtained. See OCGA § 17-9-61 (b); *Hammond v. State*, 292 Ga. 237, 238 (734 SE2d 396) (2012).

For the foregoing reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta, 12/19/2018*
 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



            *, Clerk.*