A02A2299. MILLER v. THE STATE.
(574 SE2d 392)

BLACKBURN, Chief Judge.

Following a jury trial, John L. Miller appeals his convictions for rape, aggravated sodomy, and child molestation, contending that the trial court erred by failing to instruct the jury that the charges against him and his two co-defendants had to be considered separately. For the reasons set forth below, we affirm.

Miller argues that the trial court's charge regarding the form of the verdicts failed to clearly inform the jury that the conviction of one co-defendant did not require the conviction of the others. A review of the transcript shows that the trial court charged:

> In the event that you were — in the event that you were to find all defendants guilty of all charges, then you would fill in on the blank space, "We, the jury, find the defendants guilty," date it, signed by the foreman or forelady and returned into court. On the other hand, if you were to find all of the defendants not guilty on all the charges, then your verdict would be, "We, the jury, find the defendants not guilty," dated and signed by your foreman or foreperson. I'm going to send a pad and a pen out with you, the purpose of this being to write individual verdicts on individual charges and on individuals if that is the way that you find. . . . Whatever your verdict is on — on any charge or any defendant, it must be unanimous. That is, it must be agreed to by each and every one of you.

As an initial matter, Miller neither requested an instruction that the conviction of one defendant would not require the conviction of others nor made any objection to the trial court's charge. Such silence waives the right to raise the issue on appeal unless there has been a substantial error which was harmful as a matter of law. OCGA § 5-5-24 (c). "In order to satisfy this standard, [Miller] must show that the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he has been deprived, to some extent, of a fair trial." (Punctuation omitted.) *Colkitt v. State.*[1]

Miller has failed to satisfy this standard. The trial court in this instance handed the jury a pad of paper for the express purpose of writing "individual verdicts on individual charges and on individuals." In doing so, the judge explicitly informed the jury that they could put their verdict regarding each individual count against each individual defendant on a separate sheet of paper. "While it would have been a better practice to explicitly tell the jury to decide the guilt or innocence of each defendant separately, the court's instructions and the verdict form were adequate." *Hull v. State.*[2]

We cannot say that the trial court's instructions were sufficiently prejudicial to deprive Miller of a fair trial, and, therefore, OCGA § 5-5-24 (c) has not been triggered. Accordingly, Miller has waived his right to object to the trial court's charge in this case.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 8, 2002.

*Reese H. Davis,* for appellant.
*Cecilia M. Cooper, District Attorney,* for appellee.

---

[1] *Colkitt v. State,* 251 Ga. App. 749, 752 (2) (555 SE2d 121) (2001).
[2] *Hull v. State,* 265 Ga. 757, 763 (14) (462 SE2d 596) (1995).