### A03A0546. HORNE v. THE STATE.
(586 SE2d 13)

PHIPPS, Judge.

A jury found Benjamin Jason Horne guilty of child molestation. He appeals, arguing that a prosecution witness improperly bolstered the victim's credibility and that the trial court erred in charging the jury. Finding no reversible error, we affirm the conviction. We remand the case to the trial court, however, for a hearing on Horne's claim of ineffective assistance of trial counsel.

The victim, S. S., testified at trial that one night in September 2001, when she was 11 years old, she stayed up to watch a movie with her stepfather, Horne, after the rest of the household had gone to bed. S. S. grew tired, closed her eyes, and "leaned on" Horne, who was sitting next to her on the couch. He lifted her shirt and touched her breasts, and then reached inside her panties and touched her vagina. After a while, S. S. heard her mother get up and go to the bathroom. Horne left the room, and then returned with a flashlight, which he shone inside S. S.'s panties.

---

[12] Supra.
[13] See id.

S. S. testified that she did not report the incident to her mother because she was afraid her mother would not believe her. S. S.'s best friend testified that S. S. told her the following Monday at school that "her stepdad had molested her." S. S.'s aunt testified that S. S. told her about the incident in late November or early December. The aunt told S. S. to report it to her school counselor, which S. S. did several days later. The counselor called the Department of Family and Children Services (DFACS), and investigator Buffy Mitchell came to the school, along with a sheriff's deputy, to question S. S. Mitchell testified that S. S. reluctantly repeated the story to her. Mitchell contacted S. S.'s mother, who "stated that [S. S.] was a lying little bitch."

S. S.'s mother testified that S. S. had a history of lying about her homework and had once forged her signature on a school document. She also testified that several years before, S. S. had told a teacher that her father had beaten her and left a bruise the previous evening, but DFACS had later determined "[t]hat it was a lie." After that incident, S. S.'s mother told her that it would be hard to believe her in the future. And the mother testified that, in fact, she did not believe S. S.'s claim of molestation.

1. Horne argues that Linda Bolton, a psychologist who treated S. S., improperly bolstered S. S.'s credibility. At trial, the prosecutor asked Bolton, "Is there any chance, based on the number of times you've talked to [S. S.] and observed her, that maybe either she made this up as some sort of Lolita thing, or that it's just part of a fantasy world she's made?" Bolton responded:

> I don't believe that this is an incident that has been made up or fabricated. I do believe that certainly there are people that do make up stories. My experience is that when a story is made up it's a little slicker than this. It tends to come out in one piece. It has a beginning, a middle and an end. . . . These — this is just not — does not fall together like a pre-fabricated — .

Defense counsel did not object.

Horne contends that Bolton's testimony ran afoul of the well-established rule that a witness's credibility may not be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth.[1] Horne acknowledges that failure to make a contemporaneous objection generally precludes appellate review of a claim of error,[2] but asserts that Bolton's testimony was so egregious as to constitute plain error. We disagree.

---

[1] See *Buice v. State*, 239 Ga. App. 52, 55 (2) (520 SE2d 258) (1999).

[2] See *Thomas v. State*, 256 Ga. App. 712, 714 (2) (569 SE2d 620) (2002).

Under the plain error rule, we will consider issues not properly raised and ruled upon in the trial court where the alleged error "is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice *or . . .* seriously affects the fairness, integrity or public reputation of a judicial proceeding."[3] As we noted in *Emilio v. State*,[4]

> [o]ur Supreme Court has limited consideration of plain error to death penalty cases and cases in which a judge allegedly has opined on the guilt of the accused. Although this court's application of the . . . doctrine has been less restrictive, we have generally reserved its use for cases presenting "exceptional circumstances."[5]

This is not a case of plain error. First, the alleged error was simply the admission of evidence bolstering a witness's credibility. This is not the kind of error that seriously affects the fairness, integrity, or public reputation of a judicial proceeding.[6]

Second, no grave miscarriage of justice is likely to result if we allow Horne's procedural default to stand. Only one sentence in Bolton's testimony could be considered improper bolstering — "I don't believe that this is an incident that has been made up or fabricated" — and that sentence was not the only evidence linking Horne to the crime.[7] S. S. described the molestation at trial, and five other witnesses testified that she had given them virtually identical accounts of it. Under these circumstances, it is highly probable that the complained-of error did not contribute to the jury's verdict.[8] Without harm, plain error review does not apply.[9]

2. Horne argues that the trial court's jury instructions were erroneous in several respects.

(a) First, he contends that the court erred by giving the state's requested jury charge that "the uncorroborated testimony of a victim of child molestation may be sufficient to rise to the level of proof beyond a reasonable doubt required for a conviction." But we approved a nearly identical charge in *Mency v. State*,[10] noting that it

---

[3] (Citation and punctuation omitted; emphasis supplied.) *Buice*, supra at 56.

[4] 257 Ga. App. 49 (570 SE2d 372) (2002).

[5] (Footnotes omitted.) Id. at 52 (3).

[6] See *Rogers v. State*, 247 Ga. App. 219, 226-227 (9) (543 SE2d 81) (2000) (refusing to apply plain error review where defendant alleged that state improperly bolstered credibility of victim).

[7] See *Gosnell v. State*, 247 Ga. App. 508, 510 (2) (c) (544 SE2d 477) (2001).

[8] See id.; see also *Petty v. State*, 260 Ga. App. 38, 39 (1) (579 SE2d 23) (2003).

[9] See *Owens v. State*, 263 Ga. 99, 102 (2) (428 SE2d 793) (1993) (refusing to apply plain error rule where defendant did not show he was harmed by alleged error); *Gosnell*, supra at 511.

[10] 228 Ga. App. 640, 648-649 (3) (492 SE2d 692) (1997); see also *Jones v. State*, 240 Ga. App. 484, 486-487 (3) (523 SE2d 73) (1999).

was accompanied by instructions regarding the burden of proof. Here, as in *Mency*, the court gave multiple instructions on the state's burden to prove Horne's guilt beyond a reasonable doubt. Accordingly, we find no error.

(b) Horne also claims that the court erred by failing to define the term "uncorroborated" in the above charge and by failing to charge the jury that it need not accept the uncorroborated testimony of a child molestation victim. But Horne did not request such jury charges, and he did not object to the court's instructions as given. "Such silence waives the right to raise the issue on appeal unless there has been a substantial error which was harmful as a matter of law."[11]

"Uncorroborated" is not an obscure term beyond the ken of the average juror. Moreover, the court's detailed charge on the jury's duty to evaluate the credibility of witnesses adequately informed the jurors that they did not have to believe the uncorroborated testimony of a child molestation victim. Therefore, Horne fails to show substantial error.

3. Finally, Horne argues that he received ineffective assistance of trial counsel. Because Horne has new appellate counsel, this appeal is his first opportunity to raise that claim. Accordingly, we remand the case to the trial court for a hearing on Horne's ineffective assistance claim.[12]

*Judgment affirmed and case remanded with direction. Ellington, J., concurs. Blackburn, P. J., concurs fully in Divisions 2 and 3, and in the judgment only as to Division 1.*

DECIDED JUNE 26, 2003 —
RECONSIDERATION DENIED JULY 31, 2003.

*Thomas E. Maddox, Jr.*, for appellant.
*William T. McBroom III, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.

---

[11] *Miller v. State*, 258 Ga. App. 322, 323 (574 SE2d 392) (2002), citing OCGA § 5-5-24 (c).
[12] See *Shamsuddeen v. State*, 255 Ga. App. 326, 329 (4) (565 SE2d 544) (2002).