## A05A0431. HORNE v. THE STATE.
### (614 SE2d 243)

PHIPPS, Judge.

In the second appearance of this case before this court,[1] Benjamin Horne contends that we should reverse his child molestation conviction because he received ineffective assistance of counsel. We affirm because Horne has not shown that the trial court clearly erred when it found that he was not deprived of effective assistance of counsel.

> The two-prong test for determining the validity of a claim of ineffectiveness of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.[2]

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous."[3]

> Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.[4]

1. Horne claims his counsel was ineffective because he failed to adequately advise him about his right to testify in his own defense. In the motion for new trial hearing, Horne claimed his lawyer never spoke with him about whether he should testify at the conclusion of the state's case. Trial counsel testified that he "repeatedly" spoke with Horne about his right to testify and allowed Horne to make the decision after explaining the pros and cons of testifying. When

---

[1] In *Horne v. State*, 262 Ga. App. 604 (586 SE2d 13) (2003), we affirmed Horne's conviction, but remanded the case to the trial court for a hearing on his claims of ineffective assistance of counsel. The trial court considered this issue and found that trial counsel was not ineffective. Horne appeals from this ruling.

[2] *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001) (punctuation omitted).

[3] *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992) (citations and punctuation omitted).

[4] *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

considering claims of ineffectiveness of counsel, the trial court determines witness credibility and is not required to accept the defendant's version of events.[5] As a trial court's denial of an ineffectiveness claim based on conflicting evidence is not clearly erroneous, we find no merit in this claim.[6]

2. Horne argues his attorney was ineffective because he failed to object to improper bolstering testimony by the victim's treating psychologist. As we have already concluded that "it is highly probable that [this testimony] did not contribute to the jury's verdict,"[7] Horne cannot meet his burden of proving that "there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency."[8]

3. Horne asserts his counsel was ineffective for failing to object to the state's requested charge that no corroboration is needed in a child molestation case. As we have previously held that the trial court did not err by giving this charge,[9] we find no merit in this claim.

4. Horne asserts his attorney was ineffective for failing to object to irrelevant and leading questions, some of which placed his character in evidence. In the motion for new trial hearing, Horne's trial counsel testified that he learned in interviews of jurors after trials in other cases that jurors think an objecting party has something to hide and that the objection draws more attention to the objectionable matter, is counterproductive, and disrupts the flow of the proceedings. He also explained that after he discussed trial strategy with Horne before trial, they decided not to object to irrelevant matters so that they could take the position with the jury that Horne did not have anything to hide. In its order denying Horne's motion for new trial, the trial court concluded that trial counsel's strategy of not objecting to the testimony at issue was "reasonable under the facts of the case and not tantamount to ineffective assistance of counsel." We cannot say that this conclusion was clearly erroneous and therefore find no merit in the claim that trial counsel was ineffective for failing to object to various questions posed by the state. "A strong presumption exists that representation has been effective, and trial strategy and tactics do not establish ineffective assistance."[10]

---

[5] *Brower v. State*, 230 Ga. App. 125, 126 (2) (495 SE2d 600) (1998); *Randolph v. State*, 225 Ga. App. 324 (484 SE2d 1) (1997).

[6] See *Noble v. State*, 220 Ga. App. 155, 157 (1) (469 SE2d 307) (1996).

[7] *Horne*, supra, 262 Ga. App. at 606 (1).

[8] *Bruce*, supra, 252 Ga. App. at 498 (2).

[9] *Horne*, supra, 262 Ga. App. at 606-607 (2) (a). See also *Adams v. State*, 186 Ga. App. 599 (367 SE2d 871) (1988) ("[t]here is no requirement that the testimony of the victim of child molestation be corroborated").

[10] *Ray v. State*, 253 Ga. App. 626, 627 (2) (560 SE2d 54) (2002) (citation and punctuation omitted).

5. Horne contends his counsel provided ineffective assistance by advising him to take two polygraph examinations and stipulate that they could be admitted into evidence. Horne claims his attorney did not advise him that polygraph examinations are not admissible in Georgia without a stipulation and that they are not accepted as scientifically reliable in Georgia. The record shows that a sheriff told Horne that he could either take a polygraph test and stipulate to its admissibility or be arrested. After telling the sheriff that he would take the polygraph, Horne consulted with trial counsel for the first time about this decision. According to Horne, trial counsel told him that he should take the polygraph test if he thought he could pass it and did not give him any advice about the admissibility of polygraph test results. Horne did not retain trial counsel to represent him at the polygraph examination. Trial counsel testified that it is his practice to inform clients about the pros and cons of taking a polygraph examination, its admissibility, and how it will be administered and that he explained his understanding about polygraphs to Horne before Horne took the first polygraph. Counsel admitted that he did not ask Horne about any history of mental illness or medications that he might be taking or advise him about any effect they might have on the test results.

The results of Horne's first polygraph test administered by the sheriff were inconclusive and he passed the second test administered by a private party. During trial, the examiner who administered the first polygraph test testified that he stopped the test because Horne repeatedly violated his instructions to keep his eyes open and hands still. The examiner believed that Horne was deliberately attempting to distort the results of the test. The first examiner did not believe that any drugs taken by Horne would affect the results of the test. The second examiner testified that Horne passed the polygraph test with regard to whether he had molested his stepdaughter. He also testified that he did not believe any drugs taken by Horne affected the outcome of the test because he showed the expected reaction to a known lie. Neither examiner testified that Horne's manic depressive condition would affect the results of the test.

Based on these facts and circumstances, we find that the trial court correctly concluded that Horne did not receive ineffective assistance of counsel with regard to the polygraph examinations. Stipulating to a polygraph examination is a valid trial strategy,[11] and trial counsel testified that he explained the pros and cons of this strategy to Horne, as well as the law regarding the admissibility of

---

[11] Cf. *Lockett v. State*, 258 Ga. App. 178, 180-181 (2) (573 SE2d 437) (2002) (results of a polygraph test are admissible upon express stipulation of parties).

polygraph test results. Additionally, Horne cannot show how he was prejudiced by his counsel's failure to inquire about his use of medications and mental health history, as there was no testimony from either examiner that these conditions affected the results of Horne's polygraph examinations.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 2, 2005 — 

*Thomas E. Maddox, Jr.*, for appellant.
*William T. McBroom, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.