## A06A1564. ELLIS v. THE STATE.
(634 SE2d 833)

BLACKBURN, Presiding Judge.

Following a jury trial, Stavinci Ellis appeals his convictions for statutory rape and aggravated child molestation. His sole enumeration of error claims that he received ineffective assistance of counsel when his trial counsel elicited testimony from a State's witness that Ellis refused to take a polygraph examination. Because evidence supported the trial court's finding that this was a reasonable trial tactic, we affirm.

Construed in favor of the verdict, *Short v. State,*[1] the evidence shows that over a period of several months, Ellis repeatedly engaged in sexual intercourse with the 13-year-old niece of his live-in girlfriend and further performed oral sex on her. The victim told medical and social authorities about these events, and a medical exam corroborated her claims of vaginal intercourse.

Ellis was indicted for statutory rape, sodomy (later nolle prossed by the State), and aggravated child molestation. A jury found him guilty on the statutory rape and aggravated child molestation charges, resulting in a 30-year sentence. Ellis moved for a new trial, arguing that his trial counsel rendered ineffective assistance of counsel when he elicited testimony from a State's witness that Ellis had initially agreed to take a polygraph examination but then later refused.

---

[1] *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

Following an evidentiary hearing on the matter, the court denied the motion, finding that trial counsel had elicited the testimony as a trial strategy to dissuade the jury that counsel was hiding evidence from the jury. This appeal followed.

To establish a claim of ineffective assistance of counsel, Ellis bore the burden of showing that counsel's performance was deficient and that the deficient performance prejudiced his defense. See *Strickland v. Washington.*[2] Failure to make a sufficient showing on either one of these components would justify the denial of Ellis's motion for new trial. See *Paige v. State.*[3] The trial court found that Ellis did not meet the first component.

Regarding this component, "[t]here is a strong presumption that counsel's performance [falls] within a range of reasonable professional conduct and that his decisions [are] made in the exercise of reasonable professional judgment." *Geiger v. State.*[4] When reviewing a defendant's attempt to overcome this presumption, we begin with the well-established axiom that " '[a]s a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel.' " *Robinson v. State.*[5] "Trial counsel's strategic decisions made after thorough investigation are virtually unchallengeable. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." *Paige*, supra, 277 Ga. App. at 693 (4) (d). We apply further the following principles:

> The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case. The fact that present counsel would pursue a different strategy does not render trial counsel's strategy unreasonable. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo.

(Citations and punctuation omitted.) *Nix v. State.*[6]

Here, Ellis's trial counsel was cross-examining a State's witness, who had initially served as the assistant district attorney responsible for Ellis's case. To prove Ellis's defense that the only evidence

---

[2] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[3] *Paige v. State*, 277 Ga. App. 687, 690 (4) (627 SE2d 370) (2006).

[4] *Geiger v. State*, 258 Ga. App. 57, 59 (3) (573 SE2d 85) (2002).

[5] *Robinson v. State*, 278 Ga. 31, 37 (3) (d) (597 SE2d 386) (2004).

[6] *Nix v. State*, 280 Ga. 141, 142-143 (3) (625 SE2d 746) (2006).

substantiating the charges against Ellis consisted of the victim's testimony, trial counsel asked if this witness knew of any evidence supporting the charges other than the victim's statements. The witness indicated he knew of some inadmissible conversations between Ellis and police. Trial counsel then proceeded to ask the witness about these conversations, which concerned Ellis's initial agreement to take a polygraph test and his subsequent refusal to do so. Trial counsel concluded with a question establishing that because of unreliability, such tests are generally inadmissible unless agreed to by both parties.

At the motion for new trial hearing, Ellis's appellate counsel asked trial counsel why he pursued this line of inquiry. Trial counsel responded that he had discussed the matter with Ellis beforehand and that they had decided to try to avoid the polygraph issue at trial; nevertheless, the answers of this witness on the stand during cross-examination unexpectedly raised the issue that the witness had reason to suspect Ellis of the charges based on the inadmissible conversations between Ellis and police. Trial counsel became quite concerned that unless the matter were explored, the jury would "feel[ ] like the big, fat defense lawyer is hiding something." Therefore, fully cognizant that Ellis's refusal to take the polygraph was generally inadmissible at trial, see *Brown v. State*,[7] trial counsel made the conscious decision to take the "lesser of the evils" and "deal with it," rather than "make it appear that [he was] hiding something." "It was more important for the jury to know that you were not hiding something, rather than to make sure that inadmissible evidence stayed out." He considered this a "strategic decision."

Based on this testimony, the trial court found that this strategy was reasonable and did not constitute ineffective assistance of counsel. Accordingly, the court denied Ellis's motion for new trial.

The trial court did not clearly err in its findings. Contrary to Ellis's assertions, eliciting inadmissible testimony to address or explain a matter raised by the evidence is a reasonable trial strategy that may well fall within the wide range of reasonable professional conduct. See *Gordon v. State*.[8] Indeed, decisions to stipulate to or to not object to testimony relating to polygraph tests have been held to be strategic decisions that, whether wise or unwise, are not so patently unreasonable that no competent attorney would have chosen them. See *Fargason v. State*;[9] *Horne v. State*.[10] Some evidence,

---

[7] *Brown v. State*, 175 Ga. App. 246, 248-249 (4) (333 SE2d 124) (1985).
[8] *Gordon v. State*, 273 Ga. 373, 378-379 (4) (f) (541 SE2d 376) (2001).
[9] *Fargason v. State*, 266 Ga. 463, 464-465 (2) (467 SE2d 551) (1996).
[10] *Horne v. State*, 273 Ga. App. 132, 134-135 (5) (614 SE2d 243) (2005).

including the testimony of trial counsel, supported the trial court's similar findings here. Accordingly, the court did not err in denying Ellis's motion for new trial that was based on this claim of ineffective assistance.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JULY 25, 2006.

*Ingrid P. Driskell*, for appellant.
*Kenneth B. Hodges III, District Attorney, Christopher S. Cohilas, Assistant District Attorney*, for appellee.