## A11A1739. CWIKLA v. THE STATE.

(722 SE2d 156)

MIKELL, Chief Judge.

After a jury trial, Michael Cwikla was convicted of two counts of aggravated child molestation against his girlfriend's three-year-old daughter, T. D., and sentenced to a life sentence with twenty-eight years to serve. Cwikla appeals the trial court's denial of his motion for new trial, arguing that the trial court erred in denying his motion to strike a prospective juror and that he received ineffective assistance of counsel. Having reviewed these claims, we find no error and affirm.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict."[1] So viewed, the evidence shows that Cwikla is the former boyfriend of T. D.'s mother. Cwikla and T. D.'s mother lived together at his mother's house for just over a year. After the couple broke up, Cwikla later found himself homeless and moved back in with T. D.'s mother for a short period of time. T. D. was fond of Cwikla, and called him "Daddy."

T. D.'s grandmother, Francis Brown, testified that while she was watching television with T. D., the child told her "don't ever tell my mommy . . . I've touched my daddy's penis." Brown further testified that T. D. went on to reveal that she had been forced to perform oral sex upon Cwikla several times. Brown remained calm and continued to watch television with the child. However, when her daughter arrived, she notified her, and a police report was made. T. D. was then interviewed at the Anna Crawford Children's Center. A videotape of this interview was played for the jury during trial.

1. Although Cwikla does not challenge the sufficiency of the evidence on appeal, we conclude that the evidence adduced at trial was sufficient under the standard set forth in *Jackson v. Virginia*[2] to authorize the jury to find him guilty of aggravated child molestation beyond a reasonable doubt.

2. Cwikla argues that the trial court erred in denying his motion to strike a prospective juror for cause. The record shows that at the time of trial, prospective juror Frost was caring for a foster child who had been sexually molested as a five year old by an adult male. When asked if she could put aside her experiences with her foster child in evaluating the evidence, Frost initially replied "I'm really not sure" and that she would probably prefer to sit on another case. However,

---

[1] (Punctuation and footnote omitted.) *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

after a short recess, Frost stated that although sexual abuse was "in our life right now," she believed that she was without preconceived notions regarding the accused and that she could be fair. Frost told the court that she was certain that she could "sit on this case and give a fair and honest verdict." Trial counsel's motion to dismiss Frost for cause was denied by the trial court.

The trial court has broad discretion in evaluating a prospective juror's impartiality, and its ruling on the matter will not be reversed absent manifest abuse of that discretion.[3] Georgia law holds that "[b]efore a juror can be qualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence."[4] "The fact that a potential juror may have some doubt about her impartiality or complete freedom from all bias does not demand as a matter of law that the juror be excused for cause."[5]

Based upon the record before us, we find that Frost's testimony does not show that she had an opinion or bias that would disqualify her as a matter of law under OCGA § 15-12-163. Rather, the record shows that although she was troubled by the emotional aspects of the case involving sexual offenses against a child, she would be able to put her emotions aside and decide the case based on the evidence. Accordingly, we cannot say that the trial court abused its discretion in failing to remove her for cause.[6]

3. Cwikla argues that his counsel rendered ineffective assistance by failing to object to certain assertions regarding the victim's credibility from Cwikla's videotaped interview with police. However, Cwikla specifically directed the trial court in his amended notice of appeal to omit any transcript of the motion for new trial hearing despite the fact that he claimed ineffective assistance of counsel in his amended motion for new trial. Therefore, "because there is no transcript on appeal of the hearing on the motion for new trial, we must presume that the trial court was authorized to find that appellant failed to carry his burden to show that he received ineffective assistance of counsel."[7]

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

---

[3] *Park v. State*, 260 Ga. App. 879, 880 (1) (581 SE2d 393) (2003).

[4] (Citations omitted.) *Johnson v. State*, 262 Ga. 652, 653 (2) (424 SE2d 271) (1993); accord *Chancey v. State*, 256 Ga. 415, 425 (3) (B) (a) (349 SE2d 717) (1986).

[5] (Citations and punctuation omitted.) *Patterson v. State*, 233 Ga. App. 776, 777 (3) (505 SE2d 518) (1998).

[6] *Garland v. State*, 263 Ga. 495, 497 (1) (435 SE2d 431) (1993).

[7] (Citation and punctuation omitted.) *Hamilton v. State*, 281 Ga. 501, 502 (2) (640 SE2d 28) (2007).

DECIDED JANUARY 12, 2012.

*Sharon L. Hopkins*, for appellant.
*Garry T. Moss, District Attorney, Cliff Head, Wallace W. Rogers, Jr., Assistant District Attorneys*, for appellee.