## A11A2237. TURNER v. THE STATE.
### (724 SE2d 6)

MIKELL, Presiding Judge.

After a jury trial, Daniel Lee Turner was convicted of one count of aggravated sodomy, two counts of aggravated child molestation, and one count of child molestation against J. D., a minor child. Turner appeals from the judgment and conviction against him and from the denial of his motion for a new trial, arguing that the trial court erred in refusing to give a requested jury charge and that he received ineffective assistance of counsel.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict."[1]

So viewed, the evidence shows that Turner is J. D.'s brother-in-law and cousin. When J. D. was between five and six years old, she and her mother often visited Turner and his wife; when she was seven years old, she and her mother moved into Turner's home, and he and his wife became her care givers for about a year. During these time periods, Turner forced her to perform and receive oral sex, forced her to have anal intercourse, forced her to watch pornography, and fondled her buttocks.

1. In his first enumeration, Turner alleges that the trial court erred in refusing to give a jury charge he requested on the credibility of child witnesses.[2] We disagree.

We review a trial court's refusal to give a requested jury charge

---

[1] (Punctuation and footnote omitted.) *Cwikla v. State*, 313 Ga. App. 526 (722 SE2d 156) (2012).

[2] The District Attorney's Office for the Coweta Judicial Circuit, counsel for the state, failed to file an appellate brief despite being ordered by this court to do so and in contravention of our Rules 13 and 23 (b).

under an abuse of discretion standard.[3] "A refusal to give a requested jury charge is not error unless the request is entirely correct and accurate; is adjusted to the pleadings, law, and evidence; and is not otherwise covered in the general charge."[4]

The requested charge provided:

> In determining the reliability of the child witness, you may consider spontaneity and consistent repetition, use of terminology unexpected of a child of similar age, lack of motive to fabricate, evidence of prior interrogation, prompting, or manipulation by adults, you may consider whether the child has been interviewed in the intervening months, whether the interviews were made with the intention of helping the child prepare for court testimony. Where there is evidence of prior interrogation, spontaneity may be an inaccurate indicator of trustworthiness.

In the charge conference immediately preceding the court's charge to jurors, the trial court declined to give the charge, saying:

> [I]t's internally inconsistent . . . because of the last sentence which . . . tells them, okay, one of the things you ought to consider is spontaneity. Then it turns around and says: where there is evidence of prior interrogations, spontaneity may be an inaccurate indicator of such worthiness. Well, is it an accurate indicator, or is it inaccurate[?]

The trial court's instructions on witness credibility, among other things, contained the following language:

> You may consider the demeanor of any witness. . . . You may consider the interest, or lack of interest, which a witness may have in the outcome of the case, and whether you think that witness's testimony may have been influenced in some way because of that interest in the outcome of the case. You may consider the means and opportunity which any witness may have had for learning about or knowing the facts to which such witness testifies, and finally you may consider the nature of any of the facts testified to and the inherent probability or improbability of what any witness had to say based upon your own common sense and your own experience in human affairs.

---

[3] *Wallace v. State*, 306 Ga. App. 118, 120 (1) (701 SE2d 554) (2010).

[4] (Punctuation and footnote omitted.) Id.

Our Supreme Court has held, in the context of a trial court's not giving a requested charge on the reliability of child witnesses, that "[i]t is not reversible error to fail to charge in the exact language requested when the charge given adequately covers the correct legal principles."[5] We find no abuse of discretion.

2. Turner asserts ineffective assistance of counsel, alleging that his trial lawyers were deficient in that they bolstered J. D.'s testimony and accusations by stipulating to the admissibility of the convictions of Larry Eugene Turner, Sr., who is J. D.'s father; and Lewis Edmund Turner, Jr., who is J. D.'s uncle and appellant's father. Both Larry and Lewis Turner pled guilty to molesting J. D. Those convictions, Turner alleges, were governed by the Rape Shield Statute, OCGA § 24-2-3, and were inadmissible under ordinary circumstances. We disagree.

To prevail on his ineffectiveness claim, Turner must

> show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. Appellant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.[6]

The reasonableness of counsel's decisions is viewed from counsel's perspective at the time of trial and under the particular circumstances of the case.[7] A court addressing the ineffectiveness issue is not required to approach the inquiry in any particular order, or even to address both components if the defendant makes an insufficient showing on one of them.[8] On appellate review, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[9]

At the hearing on Turner's motion for a new trial, one of his trial lawyers testified that he and his co-counsel made a strategic decision to stipulate to the admissibility of the convictions of Larry and Lewis Turner because they believed that J. D.'s vocabulary and knowledge of sexual matters was greater than usual for a child of her age. Trial

[5] (Citation and punctuation omitted.) *Johnson v. State*, 276 Ga. 57, 59-60 (3) (573 SE2d 362) (2002).

[6] (Footnote omitted.) *Robbins v. State*, 290 Ga. App. 323, 328-329 (4) (659 SE2d 628) (2008).

[7] *Adams v. State*, 283 Ga. 298, 299 (3) (658 SE2d 627) (2008).

[8] *Horne v. State*, 273 Ga. App. 132 (614 SE2d 243) (2005).

[9] (Citation and punctuation omitted.) *Adams*, supra.

counsel testified that "we were attempting to ... explain where some of that knowledge may have come from, taking the emphasis off our client, Mr. Daniel Turner, and trying to put some of the emphasis ... [on] these prior incidences." Trial counsel also testified that in including evidence of the other convictions, "[w]e were attempting to say [J. D.] makes allegations against every male in her life."

"Matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel."[10] We note that, despite the admission of these convictions, the jury acquitted Turner of three of the seven charges in the indictment. "This circumstance strongly supports the conclusion that the assistance actually rendered by [Turner's] trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render."[11] Turner has failed to meet his burden of proving that trial counsel's performance was deficient or that but for the admission of these convictions there was a reasonable probability that the outcome of his trial would have been different. We find no error.

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED FEBRUARY 21, 2012.

*Chaunda Brock, Deah B. Warren*, for appellant.
*Peter J. Skandalakis, District Attorney*, for appellee.

---

[10] (Citation and punctuation omitted). *Wade v. State*, 305 Ga. App. 382, 384 (2) (a) (700 SE2d 827) (2010).

[11] (Punctuation and footnote omitted.) *Sarratt v. State*, 299 Ga. App. 568, 570 (2) (683 SE2d 10) (2009) (trial counsel not ineffective where counsel obtained directed verdicts of acquittal on a number of charges against defendant).