**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 8, 2017**

# In the Court of Appeals of Georgia

A17A0794. THE STATE v. WALKER.

BRANCH, Judge.

After Jerry Walker was indicted for child molestation occurring between January and December 2011, the State filed a notice of its intent to introduce child hearsay evidence, and Walker filed a motion in limine to exclude that evidence. The trial court granted Walker's motion on the ground that former OCGA § 24-3-16, rather than OCGA § 24-8-820, applied to the case. On appeal, the State argues that OCGA § 24-8-820 should apply. We disagree and affirm.

Although we would normally review a trial court's decision as to the admission or exclusion of evidence only for an abuse of discretion, "[t]he interpretation of a statute is a question of law, which is reviewed de novo on appeal." *Jenkins v. State*, 284 Ga. 642, 645 (2) (670 SE2d 425) (2008) (citation and punctuation omitted).

The relevant facts are not in dispute. The victim was born on April 4, 2000. In late March or early April 2015, the victim told her aunt that Walker, her custodial parent, had molested her at some point in 2011. In August 2015, Walker was indicted for molesting the victim. The statement at issue in this appeal is a forensic interview of the victim by a child advocate recorded on April 2, 2015, 2 days before the victim's 15th birthday. After the State served Walker with a notice of its intent to introduce the interview into evidence, Walker moved to exclude it.

At the hearing on Walker's motion in limine, the trial court noted that although OCGA § 24-8-820[1] now authorizes the admission of child hearsay statements "made

---

[1] The current statute provides in full:

*A statement made by a child younger than 16 years of age* describing any act of sexual contact or physical abuse performed with or on such child by another or with or on another in the presence of such child shall be admissible in evidence by the testimony of the person to whom made if the proponent of such statement provides notice to the adverse party prior to trial of the intention to use such out-of-court statement and such child testifies at the trial, unless the adverse party forfeits or waives such child's testimony as provided in this title, and, at the time of the testimony regarding the out-of-court statements, the person to whom the child made such statement is subject to cross-examination regarding the out-of-court statements.

2013 Ga. L. p. 222 (H. B. 349), § 13 (emphasis supplied.)

by a child younger than 16 years of age," the Legislature expressly provided that the new statute "shall become effective on July 1, 2013, and shall apply to offenses which occur on or after that date." 2013 Ga. L. p. 222, § 21. The same Act also provided that "[a]ny offense occurring before July 1, 2013, shall be governed by the statute in effect at the time of such offense." Id. On the basis of this language, the trial court concluded that former OCGA § 24-3-16, which authorized the admission of only those hearsay statements made by a child "under the age of 14 years," rendered this victim's statement about Walker's 2011 actions, which was made just before her 15th birthday, inadmissible.

Since the trial court issued its ruling, this Court has held that the admissibility of a child hearsay statement as to an act of child molestation occurring before July 1, 2013 is controlled by former OCGA § 24-3-16. *Laster v. State*, 340 Ga. App. 96, 99 (1), n. 2 (796 SE2d 484) (2017); see also *Harris v. State*, 340 Ga. App. 865, 873 (3) (798 SE2d 498) (2017) (citing *Laster* for the proposition that OCGA § 24-8-820 "does not apply" to an offense committed between February 2010 and January 2011). In *Laster*, we concluded that because the offense at issue in that case occurred "before July 1, 2013," the case was

> governed by OCGA § 24-3-16 (2012), which was in effect at the time [the defendant] committed the offenses. See Ga. L. 2013, p. 222, 243 §

3

21 (expressly providing that "[a]ny offense occurring before July 1, 2013, shall be governed by the [Child Hearsay Statute] in effect at the time of such offense").

*Laster*, 340 Ga. App. at 99 (1), n. 2.

The State seeks to avoid the conclusion that the former statute applies by arguing that the time of trial should determine the effective date of current OCGA § 24-8-820, and that this rule of evidence, being a procedural one, should apply retroactively. See, e.g., *Mason v. Home Depot USA*, 283 Ga. 271, 278 (4) (658 SE2d 603) (2008). But arguments as to the retroactive application of a procedural rule may be considered only "if the Legislature did not express a contrary intention," *State v. Hill*, 321 Ga. App. 679, 680-681 (742 SE2d 497) (2013) (citation and punctuation omitted) — that is, if the [L]egislature did not express its will as to the effective date of the statute at issue. Here, the Legislature explicitly provided that OCGA § 24-8-820 "shall become effective on July 1, 2013, and shall apply to offenses which occur on or after that date," while "[a]ny offense occurring before July 1, 2013, shall be governed by the statute in effect at the time of such offense." Ga. L. 2013, p. 222, § 21. The trial court thus did not err when it concluded that former OCGA § 24-3-16 applies to the offense at issue, which took place at some point in 2011. *Laster*, 340

4

Ga. App. at 99 (1), n. 2. We therefore affirm the trial court's grant of Walker's motion in limine as to this victim's statement.

*Judgment affirmed. McFadden, P. J., and Bethel, J., concur*.