**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 5, 2023**

# In the Court of Appeals of Georgia

A23A0971. BROWN v. THE STATE.

MARKLE, Judge.

Following a jury trial, Herbert Brown was convicted of child molestation and aggravated child molestation. He now appeals from the denial of his motion for new trial, arguing he did not receive a fair trial because the trial court (1) denied his requested jury instruction on victim credibility, (2) charged the jury that time is not an essential element of the offense, and (3) abused its discretion in finding an indicia of reliability in a witness's testimony. For the following reasons, we affirm.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows Herbert Brown began sexually assaulting T. M. in 2011. Over the next two years, Brown anally penetrated T .M.; forced T. M. to perform oral sex on him; performed oral sex

on T. M.; and touched her genitals. During this same time period, Brown sporadically traveled between Georgia and New York, before moving to North Carolina in 2013.

Shortly after the first time Brown assaulted her, T. M. pulled a friend, J. M. J., into a closet and attempted to tell him about the abuse by making a hand gesture indicative of penetration. J. M. J. responded that this was "nasty," and left. T. M. never mentioned the abuse again, and J. M. J. told no one of it.

In November 2015, T. M.'s mother suspected her of smoking marijuana and confronted her. T. M. then revealed that Brown not only introduced her to the drug, but molested her as well. The mother notified the police, who interviewed T. M. During a subsequent forensic interview, T. M. repeated the allegations and gave consistent details about the various incidents. She also denied telling anyone of the abuse before going to the police.

Based on these allegations, Brown was indicted on six counts of aggravated child molestation and two counts each of child molestation and rape. Each count of the indictment identified a range of time in which the conduct occurred and contained the language, "the exact date of the offense being unknown to the Grand Jury."[1]

---

[1] Brown did not file a special demurrer to narrow the date range specified in the indictment.

Prior to trial, Brown notified the State of his intention to raise an alibi defense. The State filed a notice of intent to present child hearsay testimony from J. M. J. At a pretrial hearing, J. M. J. testified that he understood T. M.'s hand gesture meant Brown assaulted her with his finger. The trial court determined that the testimony contained an indicia of reliability and was therefore admissible.

At trial, T. M. testified about the abuse she suffered; she explained her attempt to tell J. M. J. about the abuse and the hand gesture she used; and she explained why she denied making any other outcry in her forensic interview. J. M. J. also testified about T. M.'s disclosure. The forensic interviewer testified that T. M.'s allegations were consistent with abuse and gave no indication that she had been coached. The State also presented the testimony from a child psychologist, who explained that a majority of all victims delay reporting and do so for a variety of reasons, including age, relationship to the offender, and embarrassment. The psychologist further opined that the victim's ability to give details about the abuse lent credibility to her testimony.

Brown did not testify at trial, nor did he call any alibi witnesses. Instead, he proffered the testimony of an expert psychologist, who opined that T. M.'s allegations were fabricated.

At the charge conference, Brown requested the trial court instruct the jury on delayed reporting of a crime, and expressed concern that instructing the jury that time was not an essential element of the offenses would negate his purported alibi defense. The trial court denied the request and gave the pattern jury instruction regarding credibility of witnesses.

In his closing argument, Brown noted the inconsistencies in T. M.'s testimony and the lack of any physical evidence, and he asserted that the allegations were fabricated. He did not mention any alibi defense.

The jury convicted Brown of child molestation and aggravated child molestation, but was unable to reach a verdict on the rape counts, which the State later nolle prossed. Brown moved for a new trial, raising the allegations he raises on appeal. Following a hearing, the trial court denied the motion. Brown now appeals.

1. Brown first asserts the trial court erred in denying his request to instruct the jury on its duty to consider T. M.'s credibility in light of the two-year delay between her outcry and the last time Brown molested her. He notes that the State's case was wholly circumstantial, the victim's credibility was critical, and the pattern instruction on witness credibility did not adequately cover the issue. We disagree.

We review a trial court's refusal to give a requested jury instruction for abuse of discretion. *Sachtjen v. State*, 340 Ga. App. 612, 615 (2) (798 SE2d 114) (2017).

A trial court is not required to give a party's requested jury charge verbatim unless the requested language is legally correct, adjusted to the evidence, and not otherwise covered in the general charge. *Sachtjen*, 340 Ga. App. at 615 (2); see also *Turner v. State*, 314 Ga. App. 263, 265 (1) (724 SE2d 6) (2012). In determining whether these requirements are satisfied, we consider the jury charge as a whole and presume the jury followed the trial court's instructions. *State v. Crist*, 341 Ga. App. 411, 415 (801 SE2d 545) (2017); see also *Watkins v. State*, 336 Ga. App. 145, 150 (3) (b) (784 SE2d 11) (2016).

In *Watkins*, we rejected a similar claim to the one Brown raises on appeal, concluding that the pattern jury instruction on witness credibility adequately covered a delayed outcry.[2] 336 Ga. App. at 149-150 (3) (b); see also Suggested Pattern Jury

---

[2] The trial court gave the following instruction:
The jury must determine the credibility of the witnesses. In deciding this, you may consider all of the facts and circumstances of the case, including the witnesses' manner of testifying, their means and opportunity of knowing the facts about which they testify, the nature of the facts about which they testify, the probability or improbability of their testimony, their interest or lack of interest in the outcome of the

5

Instructions, Vol. II: Criminal Cases (2020) § 1.31.10. We see no reason why *Watkins* does not control the outcome in this case.

Moreover, when we read the instructions as a whole, we conclude the trial court's instructions sufficiently covered Brown's requested charge. In addition to the pattern instructions on witness credibility, the court instructed the jury that Brown was presumed innocent until proven guilty, that the jury was not required to accept the testimony of any witnesses — including the victim — and that it could consider any evidence or inconsistencies in the testimony. Additionally, Brown clearly raised the issue of the delayed outcry during cross-examination, noting both the delay and the victim's contradictory testimony. The jury thus understood that it should consider Brown's defense — that the circumstances surrounding the victim's disclosure made her a non-credible witness — in its deliberations. Notably, the record reflects that the jury understood the instructions and performed its duty because it did not reach a verdict on the rape charges. *Damerow v. State*, 310 Ga. App. 530, 537 (4) (a) (i) (714

case, and their personal credibility as you observe it.

See also Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2020) § 1.31.10.

6

SE2d 82) (2011). Therefore, the trial court did not abuse its discretion in declining to give the requested charge. *Watkins*, 336 Ga. App. at 150 (3).

2. Brown next argues that the trial court erred by charging the jury that time is not an essential element of the offense because it confused the jury and contradicted his alibi defense. We are not persuaded.

"We review de novo a properly preserved claim that a trial court erred in refusing to instruct the jury on an applicable principle of law." (Citation omitted.) *Wilson v. State*, 315 Ga. 728, 734 (5) (883 SE2d 802) (2023).

When the State cannot identify the particular date on which the offense occurred, it may show the defendant committed the crime within a range of dates; the dates alleged in an indictment are only a material element when expressly stated. *Picklesimer v. State*, 353 Ga. App. 718, 720-721 (1) (839 SE2d 214) (2020); *Thomas v. State*, 352 Ga. App. 640, 642 (1) (a) (835 SE2d 640) (2019). When time is not a material element of the offense, the trial court may so instruct the jury, even when the defense raises an alibi. *McCoy v. State* 174 Ga. App. 621, 623 (2) (330 SE2d 746) (1985). And, although such an instruction may be confusing, that alone does not result in an erroneous instruction. See id.

7

Here, the indictment gave a date range for each of the charges and did not expressly state that time was an essential element of the offenses. The trial court gave an alibi instruction in addition to the instruction that time is not an essential element. Notably, although Brown filed notice that he intended to raise an alibi defense, he did not call any witnesses to establish his alibi, nor did he testify in his own defense, or mention an alibi in his closing argument. As a result, the State's failure to allege a specific date had no effect on Brown's ability to raise such a defense. *Hutton v. State*, 192 Ga. App. 239, 241 (4) (384 SE2d 446) (1989). We thus find no error in the trial court's jury instruction.

3. Lastly, Brown argues that the trial court erred by finding an indicia of reliability in J. M. J.'s testimony because his testimony was inconsistent. This enumeration is meritless.

We review the admissibility of child hearsay evidence for abuse of discretion. *Morris v. State*, 341 Ga. App. 568, 573 (2) (802 SE2d 13) (2017). Because T. M.'s statement to J. M. J. occurred before 2013, we apply the former statute, OCGA § 24-3-16. *State v. Walker*, 342 Ga. App. 733, 734 (805 SE2d 262) (2017).

Under that statute:

8

[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if [1] the child is available to testify in the proceedings and [2] the court finds that the circumstances of the statement provide sufficient indicia of reliability.

*Walker*, 342 Ga. App. at 733. Trial courts consider ten factors to evaluate whether the statement has an indicia of reliability, including the circumstances, general credibility, coaching by parents or other adults, and consistency between repeated out-of-court statements. *Sullivan v. State*, 295 Ga. App. 145, 150 (3) (671 SE2d 180) (2008). However, "[t]hese factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness." Id. Notably, the weight and credibility of witness testimony are absent from this list of factors. Rather, they are questions of fact ultimately reserved for the jury. *Harvey v. State*, 295 Ga. App. 458, 460 (671 SE2d 924) (2009).

Here, the State argued at the pretrial hearing that, given the victim's age, her spontaneous comment to a confidant in a "nervous and stunned" manner, without threats or signs of apparent coaching, presented an indicia of reliability. Before ultimately allowing the testimony, the trial court considered all of the factors,

9

including the confusion over whether T. M.'s hand gesture indicated how Brown assaulted her with a finger, and the potential that someone had coached the victim. *Gregg v. State*, 201 Ga. App. 238, 240 (3) (a) (411 SE2d 65) (1991). On these facts, we conclude that the trial court sufficiently weighed the factors for consideration and the surrounding circumstances in their totality, and properly found the testimony admissible. *Sullivan*, 295 Ga. App. at 150 (3).

For the foregoing reasons, the trial court properly denied the motion for new trial, and we affirm.

*Judgment affirmed. McFadden, P. J., and Brown, J., concur.*